FIDELITY TRUST COMPANY, In Equity

*vs.*

FRANKLIN W. McDOWELL et als.

Cumberland.    Opinion April 16, 1923.

*A devise or bequest in a will of a life estate in all the property of testator, after pay-ment of certain legacies, and the right to use such part of the principal as may be necessary in case the income proves insufficient for the comfortable support of the devisee or legatee, embraces as a general rule the entire income of the property during the time it is so held unless a different intention clearly appears in the will.*

In the instant case the devise and bequest to the widow consists of two parts; first, a life estate in all the testator's property after the payment of certain legacies; and second, the right to use such part of the principal as may be necessary in case the income prove insufficient for her comfortable support.

A person holding a life estate is entitled to the entire income of the property during the time it is so held unless a different intention clearly appears in the will.

The provision as to use of principal extends rather than limits the widow's rights.

The unexpended income, with all accrued interest thereon since the death of the widow, belongs to the administrator with the will annexed of the widow.

On report.  A bill in equity seeking the construction of a para-graph in the will of Benjamin F. Woodbury, late of South Portland. Testator in the paragraph in question gave to the widow, Mary A. Woodbury, after the payment of certain legacies, the use and income of all his property during her life, and the right to use such part of the principal as might become necessary in the event the income should not be sufficient for her comfortable support, with a remainder over to certain relatives.  At the decease of the widow there was an unexpended balance of income of $3,454.12.  The question involved was as to whether this balance belonged to the estate of the widow or to the residuary legatees.  The cause was heard before a single Justice upon bill, answers and replication, and, by agreement

of the parties, was reported to the Law Court. Ordered that the unexpended income with all accrued interest since the decease of the widow belongs to her estate. Bill sustained with costs. Decree in accordance with opinion.

The case is fully stated in the opinion.

*John H. Pierce*, for complainants.

*Cook, Hutchinson & Pierce, Edward C. Reynolds and Courtenay Crocker*, for respondents.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, DEASY, JJ.

CORNISH, C. J.   Bill in equity brought by an administrator with will annexed to obtain judicial construction of the following item in the will and codicil of Benjamin F. Woodbury, late of South Portland:

"All the rest, residue and remainder of my estate, real, personal or mixed of which I may die seized and possessed, or in which I may be in any way interested at my decease I give, devise and bequeath unto my wife Mary A. Woodbury, for and during the term of her natural life, with the right to the custody, use, possession and enjoyment of the whole of said estate and with the right of disposing of such part thereof as she from time to time may deem necessary for her comfortable support and maintenance.

At the decease of my said wife, or in the event of her decease· before me I give and devise to my nieces, Carrie H. McDowell and Alice N. McDowell one half, and to my nephew Franklin W. McDowell one half of the Beach Point homestead and the land belonging therewith, . . . . All the rest, residue and remainder of my estate at said time, I give, devise and bequeath unto my nephews and nieces, viz.: George S. H. McDowell, Franklin W. McDowell, Carrie H. McDowell, and Alice N. McDowell· . . . ."

The testator died on November 27, 1917. The widow, Mary A. Woodbury, died on April 11, 1921, leaving a will which was duly probated and one William W. Grieves was appointed administrator with will annexed June 20, 1921.

The testator's estate amounted to about $47,000. The gross income during the time from the death of the testator to the death of the widow was $9,396.99. The amount paid to the widow and on her account during that time was $5,942.87, leaving an undistributed balance of income amounting to $3,454.12. The question propounded

to the court is whether this balance belongs to and shall be paid to the administrator of the widow's estate or to the residuary legatees.    In our opinion it belongs to the administrator.

The devise and bequest to the widow consists of two parts; first, a life estate in all his property, after the payment of $500 in certain legacies enumerated in item one; and second, in case the income arising from the life estate were not sufficient, the right to dispose of and to use such part of the principal or corpus of the estate as the widow might deem necessary for her comfortable support and maintenance.    His wife was the first object of the testator's solicitude and benefaction and he provided for her amply in this way.

It is a general rule that a person holding a life estate is entitled to the entire income of the property during the time it is so held, unless a different intention clearly appears from the will.    Applying this general rule, Mrs. Woodbury was entitled to all the income of this estate during her life, and any balance of income remaining unexpended at the time of her death belonged to her estate, not to the residuary legatees and devisees.    The death of the life tenant marked the dividing line between the two estates.    Up to that time all the income belonged to the life tenant, whether expended or not. At that time the property, the corpus, passed to the residuary devisees and thenceforth the income was theirs.

Of course the testator if he had seen fit might effectually have provided that any unexpended balance of the life tenant's income should also pass with the corpus to the residuary devisees.    But no such provision was made here.    If, therefore, the will contained simply this provision as to life estate, there could be no question as to the party entitled to the unexpended balance.    It would be the administrator of the widow's estate.

But the residuary devisees contend that the addition of the second provision as to the disposition and use of any part of the corpus by the widow if necessary for her comfortable support and maintenance so modifies and limits the first provision as to life estate as to restrict her use of the entire estate, under both provisions, to her actual expenditures during life, and gives the unexpended balance to the residuary devisees.

We cannot so construe it.    The second provision extends rather than limits the widow's rights.    As the holder of the life estate she is to have the income in any event.    That is hers.    Then if that is

inadequate she is to use so much of the principal as may be necessary. At her death all the unused principal passes to the residuary legatees, but the unused income passes to the estate of the widow. "All the rest, residue and remainder of my estate at that time, I give, devise and bequeath to my nephews and nieces" are the words of the residuary gift. It is the residue of his estate that then passes to them. But that does not attempt to carry and does not carry any residue of her estate. The unexpended income was her estate, the undisposed of corpus was his estate. This construction carries out the expressed intention of the testator and is in accordance with a leading precedent in this State. *Union Safe Deposit and Trust Company* v. *Dudley*, 104 Maine, 297.

Our answer to the interrogatory propounded therefore, is that the unexpended balance of $3,454.12, with all accrued interest thereon since the death of the widow, belongs to William W. Grieves as administrator with the will annexed of Mary A. Woodbury.

*So ordered.*